UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAREN M. McHAFFIE,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Defendant. | NO. C11-5924-RLS-JPD<br><br>REPORT AND RECOMMENDATION |

I. INTRODUCTION AND SUMMARY CONCLUSION

Having prevailed in her appeal of a decision by the Commissioner of the Social Security Administration, plaintiff moves for an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 19. Plaintiff provides an itemization of the time and expenses expended in plaintiff's case, and requests attorney's fees in the amount of $7,121.19, and expenses in the sum of $29.12. Dkts. 19, 22.[1] The Commissioner objects to plaintiff's fee request as unreasonably large, and argues that the Court should decrease plaintiff's fee award by 6.2 hours. Dkt. 21 at 5. For the reasons explained

---

[1] Plaintiff's motion for EAJA fees, Dkt. 19, requested $6,735.36 in attorneys' fees. In plaintiff's reply, plaintiff increased her attorneys' fees request to $7,121.19 "for the additional time expended drafting this reply brief." Dkt. 22 at 4 (citing *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 161-62 (1990)).

REPORT AND RECOMMENDATION - 1

below, the Court recommends that plaintiff's motion, Dkt. 19, be GRANTED, and plaintiff be awarded a total of $7,150.31.

## II. DISCUSSION

A. <u>Legal Standard</u>

The EAJA authorizes federal courts to award attorney's fees, court costs, and other expenses when a party prevails against the United States in a proceeding for review of an agency action, unless the court finds "that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). *See also Hardisty v. Astrue*, 592 F.3d 1072, 1076 (9th Cir. 2010). The district court may award EAJA fees for attorney hours reasonably expended by plaintiff's counsel in the matter. 28 U.S.C. § 2412(d)(2)(A). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from the fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The court must provide a "concise but clear explanation" of its reasons for a fee award. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

The United States Supreme Court's "seminal decision in *Hensley v. Eckerhart* held that courts should apply what is now called the 'lodestar' method to determine what constitutes a reasonable attorneys' fee under 42 U.S.C. § 1988, the fee shifting statue applicable in civil rights cases." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). To calculate the lodestar amounts, federal courts multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See id.* Counsel for the prevailing party must exercise "billing judgment" and "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" as a lawyer in private practice would do. *See id.*

There is no hard-and-fast cap on the attorney fee awards that should be applied regardless of the circumstances. In *Costa*, the Ninth Circuit held that it is an abuse of discretion for a court "to apply a de facto policy limiting social security claimants to twenty to forty hours of attorney time in 'routine' cases," as the determination of what constitutes a reasonable number of hours "will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained." *Id.* at 1136. A federal court can impose a reduction of up to 10 percent – a "haircut" – based purely on the exercise of its discretion and without more specific explanation. *Id.* (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112-13 (9th Cir. 2008)). However, greater reductions in the number of hours generally require a more specific explanation than a finding that the amount of time spent by plaintiff's counsel was excessive. *See id.*

Finally, it is well settled that costs associated with clerical tasks are typically considered overhead expenses reflected in an attorney's hourly billing rate and are not properly reimbursable. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("Of course, purely clerical or secretarial tasks should not be billed at a paralegal's rate, regardless of who performs them."). However, plaintiff's counsel may be awarded fees for hours reasonably expended in seeking attorney's fees under the EAJA. *See Comm'r, INS v. Jean*, 496 U.S. at 162-66.

B. <u>Overall Hours Billed</u>[2]

The Commissioner does not contend that the agency's position in this case was substantially justified, but argues that the amount of fees requested was not reasonable

---

[2] Neither party makes any argument regarding the reasonableness of plaintiff's hourly rate.

REPORT AND RECOMMENDATION - 3

"considering the complexity of the case, the size of the file, inclusion of clerical tasks on the billing and block billing." Dkt. 21 at 3. Specifically, the Commissioner contends that "any hours that were not 'reasonably expended' must be excluded. For instance, [Plaintiff's] counsel expended 24.50 hours in March 2012 in four entries on Plaintiff's opening brief and 6.2 hours for preparation of the reply brief." *Id.* at 4. The Commissioner argues that "the issues and length of the transcript were not remarkable. Defendant suggests that an award that includes 25 hours or less for preparation of the opening reply briefing in 2012 is reasonable rather than 31.2 hours, resulting in a 6.2 hour reduction." *Id*. at 4-5.

As mentioned above, there is no "cap" on the attorney fee awards that should be awarded in a particular case. The Commissioner has provided no reasons, apart from his bare assertion that "the issues and the length of the transcript were not remarkable," why the 31.2 hours expended by plaintiff on both briefs in this matter should be considered unreasonable. Plaintiff's counsel responded that he "did not represent McHaffie at her administrative hearing, so it took more time to review the court transcript than it would have taken if I had already been familiar with this case. The transcript in this case was a bit longer than average, which increased the amount of time required to review it." Dkt. 22-1 at 2 (Second Yanich Decl.). Because the Court's finds the Commissioner's unsupported arguments unpersuasive, the Court declines to reduce plaintiff's attorney's fees as requested by the Commissioner.

C.  Block Billing

The Commissioner further argues that "a fee applicant should maintain billing records in a manner that enables a reviewing court to easily identify the hours reasonably expended . . . Where billing records are lacking in detail, a reviewing court may reduce the fee to a reasonable amount." Dkt. 21 at 5 (*citing Fischer v. SJB-P.D. Inc*., 214 F.3d 115, 1121 (9th Cir. 2000). The Commissioner asserts that plaintiff's counsel's billing entries are in a block

REPORT AND RECOMMENDATION - 4

billing format.  For example, "24.50 hours in March 2012 were billed in block billing format of the drafting of the opening brief in only four time entries . . . Plaintiff's brief did not raise any particularly complex issues or matters of first impression issues." *Id.* at 5.

Plaintiff responds that "the Commissioner does not explain why additional detail in the billing entries [at issue] would be useful or necessary.  As noted in the enclosed second Declaration of Eitan Kassel Yanich, the briefing process includes the tasks of file review, drafting, researching, editing, and proof-reading, and this is an inclusive process that requires regular switching between these tasks, so there is no purpose in attempting to separately track the amount of time expended on each of these tasks." Dkt. 22 at 4.  Plaintiff further asserts in his declaration that he "did not bill for mere clerical tasks; as an attorney, I am required to review all documents as part of my representation of my client." Dkt. 22-1 at 2 (Second Yanich Decl.).

The Commissioner's argument as to block billing lacks merit, as plaintiff's counsel is not required to record in great detail how each minute of his time was expended.  Instead, plaintiff's counsel can meet his burden by listing his hours and identifying the general subject matter of his time expenditures.  Here, the Court finds that plaintiff has (albeit barely) met this basic requirement.  *See Fischer v. SJB–P.D. Inc.,* 214 F.3d 1115, 1121 (9th Cir. 2000) (quoting *Hensley,* 461 U.S. at 437 n.12).  As argued by plaintiff, it is not clear how much more detail would be necessary to evaluate time entries relating to the researching and writing of opening and reply briefs.

### III.   CONCLUSION

Accordingly, the Court recommends that plaintiff's motion for EAJA fees, Dkt. 19, be GRANTED, and plaintiff be awarded attorney's fees of $7,121.19 and expenses in the sum of $29.12, for a total of $7.150.31.  Subject to any offset allowed under the Treasury Offset

REPORT AND RECOMMENDATION - 5

Program, as discussed in *Astrue v. Ratliff*, 552 U.S. 1193 (2010), payment of this award shall be sent to plaintiff's attorney Eitan Kassel Yanich at his address: Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA 98501.  If it is determined that plaintiff's EAJA fees are not subject to any offset allowed under the U.S. Department of Treasury's offset program, then the check for the EAJA fees will be sent directly to Mr. Yanich by direct deposit or by check payable to him and mailed to his address.

DATED this 3rd day of December, 2012.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6